UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

          Plaintiff,

v.                                  Case No. 16-cv-1463-pp

DR. RICKY SEABUL and
JANE DOE,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (DKT. NO. 31), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 33), AND GRANTING DEFENDANT RICKY SEABULL's MOTION FOR EXTENSION TO CONDUCT DISCOVERY (DKT. NO. 32)**

This court screened the plaintiff's complaint, permitting him to proceed on his Eighth Amendment medical claim against Defendant Ricky Seabul and to file an amended complaint that clarified his claims against another then-named defendant, Dr. Thomas Williams. Dkt. No. 8. The plaintiff did not file an amended complaint, so the Marshals Service served the plaintiff's original complaint on Seabul on March 17, 2017, and the court dismissed Williams from the case. Dkt. No. 26. On May 26, 2017, Seabul filed his answer (dkt. no. 21), and on July 18, 2017, this court issued a scheduling order (dkt. no. 26). The scheduling order set a discovery deadline of November 17, 2017 and a dispositive motions deadline of December 22, 2017. Dkt. No. 26 at 4.

Defendant Seabul now has moved to extend the deadline to complete discovery. Dkt. No. 32. The plaintiff has filed a motion for entry of default (dkt.

1

no. 31) and a motion which he calls a motion for summary judgment, but which also asks the court to grant him a default judgment, dkt. no. 33.

1. <u>Defendant Seabul's Motion for an Extension of Time (Dkt. No. 32)</u>

Seabul states that the plaintiff has not provided a signed release for his medical records. Dkt. No. 32 at 1. The court received this motion from Seabul on October 3, 2017. Seven days later, the court received a motion from the plaintiff, but it did not mention Seabul's motion or the medical authorization form. Dkt. No. 33. The court first notes that because the plaintiff has made a claim against the defendants based on his medical condition, the defendants have the right to obtain and review his medical records. Under the rules governing discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). If a plaintiff believes that a discovery request is improper, or that some or all of the information covered by the request is protected under the rules governing discovery, <u>see, e.g.</u> Fed. R. Civ. P. 26(b)(2), (c), he may file an appropriate motion. The court advises the plaintiff that if he doesn't respond to a proper discovery request, including a request to sign a release for medical records, the court could impose sanctions, including the dismissal of his case. <u>See</u> Fed. R. Civ. P. 37, <u>see also</u> <u>Jacobs v. Frank</u>, 349 F. App'x 106 (7th Cir. 2009).

Even if the plaintiff signed and returned the form as soon as he received this order, that would not give Seabul adequate time to obtain, review, and complete discovery on the records before the November 17, 2017 discovery

deadline or the December 22, 2017 dispositive motions deadline. The court finds that defendant Seabul has established good cause for the court to grant his request for an extension of those deadlines. The court will grant Seabul's motion, and will order that the parties shall serve all discovery demands by a date early enough to allow the completion of discovery by the end of the day on December 15, 2017. The court will extend the deadline for filing dispositive motions to January 16, 2018.

    2.    <u>Plaintiff's Motions for Entry of Default (Dkt. No. 31) and for Summary Judgment (Dkt. No. 33)</u>

In both his motion for default judgment and his motion for "summary" judgment, the plaintiff argues that he is entitled to a default judgment because Seabul did not timely answer the complaint. Dkt Nos. 31, 33. The plaintiff raised an identical argument in his earlier motions for entry of default (dkt. no. 11) and for summary judgment (dkt. no. 22), both of which the court denied in its scheduling order (dkt. no. 26). As the court indicated in the scheduling order, Seabul timely filed his answer within sixty days of the Marshal's Service effectuating service. The delay between the date this court issued its screening order and the date the Marshal served Seabul is the result of the court giving the plaintiff time to amend his complaint, so that the Marshal could serve all defendants at once. Dkt. No. 23 at 1-3. The court will deny the plaintiff's most recent motions for the same reasons it denied his earlier ones.

    3.    <u>Conclusion</u>

The court **GRANTS** Seabul's motion for extension of time to conduct discovery. Dkt. No. 32. The court **ORDERS** that the parties shall serve

3

discovery requests by a date early enough to allow completion of discovery by the end of the day on **December 15, 2017**. The court **ORDERS** that the deadline for parties to file dispositive motions is **EXTENDED** to the end of the day on **January 16, 2018**.

The court **DENIES** the plaintiff's motion for entry of default (Dkt. No. 31) and his motion for summary judgment (Dkt. No. 33).

Dated in Milwaukee, Wisconsin this 17th day of October, 2017.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **United States District Judge**