UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                              Plaintiff,

v.                                         Case No. 16-cv-1463-pp

DR. RICKY SEABUL, and
JANE DOE

                              Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 39)**

---

When it screened the plaintiff's complaint, the court allowed him to proceed on his Eighth Amendment deliberate indifference claim against defendant Seabul. Dkt. No. 8. In March 2017, before the marshal had served defendant Ricky Seabul (which means, before Seabul even knew that the plaintiff had sued him), the plaintiff asked the court to enter default. Dkt. No. 11. On March 17, 2017, the Marshal's Service mailed Seabul the complaint and a process form, and Seabul timely waived service of process on April 17, 2017. Dkt. No. 16; see Fed. R. Civ. P. 4(d)(1)(F) (which gives a defendant thirty days to return waiver of service of process). On May 16, 2017, Seabul filed his answer. Dkt. No. 21. As part of the scheduling order, the court denied the plaintiff's motion for an entry of default, because Seabul had timely filed his answer before the deadline set by the rules. Dkt. No. 26 at 2; see Fed. R. Civ. P.

1

4(d)(3) (which gives a defendant sixty days from mailing of waiver of service of process to file answer).

In September 2017, the plaintiff filed a second motion for an entry of default, arguing again that Seabul had failed to timely file an answer. Dkt. No. 31. The plaintiff also filed a motion for "summary" judgment based on the alleged untimeliness of Seabul's answer. Dkt. No. 33. The court denied both of the plaintiff's motions, again on the ground that Seabul had timely filed his answer. Dkt. No. 36 at 3.

Now the plaintiff has filed a motion for reconsideration of the court's denial of the plaintiff's second motion for an entry of default and the plaintiff's motion for summary judgment. Dkt. No. 39.

A.   **JURISDICTION OVER MOTION FOR RECONSIDERATION**

A week after filing his motion for reconsideration, the plaintiff filed a notice of appeal from the order that he is asking the court to reconsider. Dkt. No. 42. The United States Court of Appeals for the Seventh Circuit assigned the plaintiff's appeal a case number, and the appeal remains pending.

Typically, when someone files a notice of appeal, seeking to appeal to the Seventh Circuit, that notice deprives a district court of jurisdiction over any pending motions. Ameritech Corp. v. Int'l Broth. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008). There is an exception to this rule, though: if a party files a motion under Fed. R. Civ. P. 60(b) during the pendency of an appeal, the district court may rule on that motion, because such a ruling "creates no risk of overlapping decisions." Id. In fact, a district court's ruling on

a motion for reconsideration will "expedite the resolution of a pending appeal," because the district court's decision either will demonstrate that the district court "has no desire to amend its ruling" or will result in the district court reversing its earlier position, mooting the appeal. Id. The Seventh Circuit "encourage[s] district courts to respond promptly to [a motion for reconsideration under Rule 60(b)]," id., so this court will consider the plaintiff's motion.

B.     MERITS OF MOTION FOR RECONSIDERATION

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). To demonstrate "manifest error," the party moving for reconsideration must show that the court's decision exhibited a "wholesale disregard, misapplication, or failure to recognize controlling precedent" in its prior ruling. Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997) (quoting In re Aug., 1993 Regular Grand Jury, 845 F. Supp. 1403, 1407 (S.D. Ind. 1994)). "[L]itigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

The plaintiff's motion for reconsideration rehashes the arguments and facts he presented in his two motions for default judgment, and in his motion for summary judgment. The court has rejected those arguments twice. Nothing has changed. The plaintiff's motion to reconsider does not assert any facts or law that demonstrate that the court's earlier orders constituted manifest

3

error—neither a disregard, nor a misapplication, nor a failure to recognize controlling precedent.

C. **CONCLUSION**

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 5th day of December, 2017.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **United States District Judge**