UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

        Plaintiff,

  v.

DR. RICKY SEABUL,

        Defendant.

Case No. 16-cv-1463-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION TO CLARIFY TEXT-ONLY ORDER (DKT. NO. 74), DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 76) AND CLARIFYING SCOPE OF TEXT-ONLY ORDER GRANTING EXTENSION OF TIME (DKT. NO. 73)**

---

On July 18, 2017, the court issued the original scheduling order in this case; among other things, it set a deadline of November 17, 2017 for the parties to complete discovery. Dkt. No. 26. On October 3, 2017—a little over a month before the deadline for completing discovery—the defendant filed a motion to extend that deadline. Dkt. No. 32. The court granted that request, and extended the deadline for completing discovery to December 15, 2017. Dkt. No. 36. The court also extended the deadline for the parties to file dispositive motions, such as summary judgment motions, to January 16, 2018. Id.

On December 27, 2018, the defendant filed a *limited* motion for summary judgment, arguing that the court should grant judgment in his favor and dismiss the case because the plaintiff had not exhausted his administrative remedies. Dkt. No. 51. It is not unusual for a defendant in a §1983 prisoner case to file a summary judgment motion limited just to the exhaustion issue,

1

before filing summary judgment motions on the merits of the case. The reason? Efficiency. The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust his administrative remedies before he can file a §1983 complaint. If the prisoner did not exhaust his administrative remedies, the court is *required* to dismiss the case; there is no point in the parties filing summary judgment motions about the allegations in the case, because the court isn't allowed to decide the case if the prisoner didn't exhaust his remedies before filing. So, defendants in these cases often first file a summary judgment motion arguing that the court must dismiss the case because the plaintiff did not exhaust his remedies. If the court agrees, and finds that the plaintiff did not exhaust, the court must dismiss the case, and it is over. If, on the other hand, the court finds that the plaintiff *did* exhaust his remedies, the court denies the limited motion for summary judgment, and gives the parties deadlines for filing summary judgment motions about the actual allegations in the case.

That is what happened here. On August 29, 2018, the court issued an order, finding that the plaintiff *had* exhausted his administrative remedies. Dkt. No. 71. The parties had completed discovery on December 15, 2017, but the court set a *new* deadline for the parties to file summary judgment motions about the allegations in the case—the plaintiff's claim that the defendant violated his rights under the Eighth Amendment by performing surgery on his armpit without providing him pain medication, and by performing the surgery without the plaintiff's consent. The deadline the court set for the parties to file summary judgment motions on *these* issues was October 5, 2018. Id. at 12.

The court also told the defendant that if he decided that he didn't want to file a motion for summary judgment on the merits of the plaintiff's actual claims, he should let the court know that as soon as possible, so that the court could schedule a trial. Id.

On September 6, 2018, the defendant filed a motion, asking the court to extend the October 5, 2018 deadline to November 9, 2018. Dkt. No. 72. The court must confess that it did not read every word in the motion—it saw that the defendant wanted only an additional month, and that defense counsel asserted that she was tied up in depositions or trial for most of September. So the court—without waiting for the plaintiff to respond—granted the motion. The court often grants extensions of time to file dispositive motions, regardless of which party asks for such an extension, if the extension doesn't impact a scheduled trial date. Lots of parties ask for extensions of time for lots of reasons, and if it doesn't throw scheduled trial dates out of whack, the court tries to give parties the time they request. So it dashed off a quick, text-only order, telling both parties that they could have until November 9, 2018 to file summary judgment motions on the claims on which the plaintiff is proceeding.

The court certainly wishes it had read the defendant's motion to extend time more carefully. If it had, it would have seen that, buried in paragraph 3, after defense counsel explained about her busy deposition and trial schedule, she said this:

> Defendant would like to depose the Plaintiff for the purpose of determining whether a summary judgment motion on the merits is advisable. At this time, counsel would be available to depose Mr. Brown the weeks of September 24 and October 1.

3

>The transcript would likely arrive within 1 to 2 weeks following the deposition. Defense counsel believes this additional one-month time to conduct discovery will enable counsel to have a clearer picture of the case and, if appropriate, will result in a more orderly presentation of a dispositive motion.

Dkt. No. 72 at ¶¶3-4.

So—the defendant filed a motion *titled* "Motion for an Extension to File Summary Judgment." Id. The motion specifically asked the court to extend the October 5, 2018 deadline for filing summary judgment motions to November 9, 2018. Within that motion to extend the *summary judgment* deadline, however, defense counsel stated that she would "like" to depose the plaintiff, explained why and explained when she was available. She did *not* file a motion to reopen discovery, and discovery had closed almost nine months earlier. She did not ask permission to depose the plaintiff. She stated, in a motion asking for something *else*, that she *wanted* to depose the plaintiff.

Under the misimpression that the defendant just needed more time to file the motion for summary judgment, the court's text-only order said, "The court ORDERS that the time for the defendant to file a motion for summary judgment is EXTENDED until the end of the day on November 9, 2018." Dkt. No. 73. Apparently, however, defense counsel construed that order as an order allowing her to do what she said she wanted to do in the motion—an order allowing her to depose the plaintiff. The court says "apparently," because of what happened earlier today (September 27, 2018).

At 9:00 a.m. on September 27, 2018, the court began a sentencing hearing in United States v. Marquise Jordan, 17-cr-86, a case involving a

4

defendant who, at the age of seventeen, participated in a series of violent carjackings over a period of days. Sentencing hearings take time (and this court believes they should), and this one was no different. The government provided an extensive discussion of the seriousness of the offenses, a victim spoke, defense counsel provided information on the defendant's family and emotional background and the defendant himself talked to the court. The hearing did not end until sometime after 10:30 a.m.

When the sentencing hearing ended, a member of the court's staff related that we had received a call from Waupun Correctional (where the plaintiff is in custody). Defense counsel was there, at the institution, apparently trying to depose the plaintiff. The plaintiff was refusing to be deposed. The parties wanted the court to resolve the issue. Because I was not available, Magistrate Judge Duffin generously agreed to step in. By that point, the plaintiff had left and returned to his cell. Judge Duffin, as I understand it, briefly reviewed the docket, and reported (correctly) that discovery had closed.

The plaintiff also had filed a motion, asking the court to clarify why it granted the motion to extend the summary judgment deadline without waiting for his input, and why the court even was allowing another summary judgment motion when it already had ruled on one. Dkt. No. 74. The court has answered those questions. It *thought*, wrongly as it turns out, that the defendant was making a simple request for additional time to prepare his summary judgment motion, and the court often rules on those "administrative" motions without requiring a response. And it is allowing another summary judgment motion (if

defendant who, at the age of seventeen, participated in a series of violent carjackings over a period of days. Sentencing hearings take time (and this court believes they should), and this one was no different. The government provided an extensive discussion of the seriousness of the offenses, a victim spoke, defense counsel provided information on the defendant's family and emotional background and the defendant himself talked to the court. The hearing did not end until sometime after 10:30 a.m.

When the sentencing hearing ended, a member of the court's staff related that we had received a call from Waupun Correctional (where the plaintiff is in custody). Defense counsel was there, at the institution, apparently trying to depose the plaintiff. The plaintiff was refusing to be deposed. The parties wanted the court to resolve the issue. Because I was not available, Magistrate Judge Duffin generously agreed to step in. By that point, the plaintiff had left and returned to his cell. Judge Duffin, as I understand it, briefly reviewed the docket, and reported (correctly) that discovery had closed.

The plaintiff also had filed a motion, asking the court to clarify why it granted the motion to extend the summary judgment deadline without waiting for his input, and why the court even was allowing another summary judgment motion when it already had ruled on one. Dkt. No. 74. The court has answered those questions. It *thought*, wrongly as it turns out, that the defendant was making a simple request for additional time to prepare his summary judgment motion, and the court often rules on those "administrative" motions without requiring a response. And it is allowing another summary judgment motion (if

the defendant decides to file one) because the defendant has not yet moved for summary judgment on the merits of the plaintiff's Eighth Amendment claims.

The plaintiff also has asked the court to appoint counsel to represent him. Dkt. No. 76. The plaintiff explains that he knows the law on this topic—he knows that he is not entitled to a lawyer under the Constitution, and that appointment of counsel is up to the court. Id. at 1. He says, as he has before, that he's contacted numerous attorneys, seeking help, and that none of them have agreed to represent him. Id. He reminds the court that, even though he has had several cases in the Eastern District, that does not mean that he has any special legal skills or knowledge—he didn't finish high school, and his "educational level is not equal to the laws." Id. at 2. He notes that in other cases, the Seventh Circuit has advised district courts to appoint counsel to help plaintiffs who have "well-founded" claims. Id. (citing Nally v. Ghosh, 799 F.3d 756 (7th Cir. 2015)).

The court is not going to appoint counsel to represent the plaintiff right now, because it does not know what the defendant is going to do. The next step in this process is for the defendant to decide, by November 9, 2018, whether he wants to file a motion for summary judgment regarding the plaintiff's Eighth Amendment claims. The defendant *may not* conduct any further discovery, and he *may not* depose the plaintiff. That ship has sailed, months ago. If the defendant decides to file a motion for summary judgment on the plaintiff's Eighth Amendment claims, the court will consider whether to appoint counsel to help the plaintiff respond. If the defendant chooses not to file a motion for

summary judgment, the court will certainly recruit counsel to help the plaintiff represent himself at a trial.

The court notes one other thing. This case has been pending for almost two years. A lot has gone on in the case. The plaintiff has made some serious allegations—that the defendant operated on him without his permission, and without sufficient pain medication. If the defendant decides to file a motion for summary judgment, both parties will have to spend significant time digging into the facts, and there is no guarantee that the defendant will prevail. If the defendant chooses not to file a motion for summary judgment, the parties will have to spend time preparing for a jury trial, and leave their fates to those unknown jurors.

This court is blessed to have six very talented magistrate judges, all of whom are experienced mediators. They frequently help parties negotiate settlements, avoiding costly briefing and unpredictable trials, and helping the parties to reach resolutions that they can control, and that they create themselves (rather than resolutions imposed on them by a jury or a judge). This court is more than happy to refer a case to a magistrate judge so that the parties can try mediation. If the mediation is successful, the court will adopt whatever agreement the parties reach. If it isn't, the court will never learn what happened during the mediation sessions with the magistrate judge; the case will simply be returned to this court for further proceedings (usually a trial). The court strongly encourages the parties to think about this option, as they consider their next steps.

The court **GRANTS** the plaintiff's motion to clarify its September 10, 2018 text-only order. Dkt. No. 74.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 76.

The court **ORDERS** that discovery is **CLOSED**; neither party may conduct further discovery (including taking depositions).

Dated in Milwaukee, Wisconsin this 27th day of September, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**