UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

        Plaintiff,

v.

        Case No. 16-cv-1463-pp

DR. RICKY SEABUL,

        Defendant.

**ORDERING REMOVING DECEMBER 6, 2018 STATUS CONFERENCE FROM HEARING CALENDAR AND REQUIRING PARTIES TO FILE STATEMENTS REGARDING WILLINGNESS TO MEDIATE**

On August 29, 2018, the court denied the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 71. It gave the defendant a deadline by which to file a substantive summary judgment motion, id.; the court extended that deadline at the defendant's request to November 9, 2018, dkt. no. 73.

In September, the court received from the plaintiff a motion to clarify the order extending the deadline, dkt. no. 74, and a motion to appoint counsel, dkt. no. 76. The court granted the motion to clarify, and explained that in granting the motion to extend the deadline for filing a substantive summary judgment motion, it intended *only* to extend that deadline, not to allow the defendant to conduct further discovery. Dkt. No. 78. In that order, the court also denied the plaintiff's motion to appoint counsel, explaining that it wanted

1

to wait to see whether the defendant filed a substantive summary judgment motion. Id. The court also stated the following:

> The court notes one other thing. This case has been pending for almost two years. A lot has gone on in the case. The plaintiff has made some serious allegations—that the defendant operated on him without his permission, and without sufficient pain medication. If the defendant decides to file a motion for summary judgment, both parties will have to spend significant time digging into the facts, and there is no guarantee that the defendant will prevail. If the defendant chooses not to file a motion for summary judgment, the parties will have to spend time preparing for a jury trial, and leave their fates to those unknown jurors.
>
> This court is blessed to have six very talented magistrate judges, all of whom are experienced mediators. They frequently help parties negotiate settlements, avoiding costly briefing and unpredictable trials, and helping the parties reach resolutions that they can control, and that they create themselves (rather than resolutions imposed on them by a jury or a judge). This court is more than happy to refer a case to a magistrate judge to that the parties can try mediation. If the mediation is successful, the court will adopt whatever agreement the parties reach. If it isn't, the court will never learn what happened during the mediation sessions with the magistrate judge; the case will simply be returned to this court for further proceedings (usually a trial). The court strongly encourages the parties to think about this option, as they consider their next steps.

Id. at 7.

That order appeared on the court docket at 1:50 p.m. on September 27, 2018. Dkt. No. 78. At 3:47 p.m. that day, the defendant filed a request for a status conference and indicated that he would not be filing a motion for summary judgment on the substantive issues. Dkt. No. 79. In response to that request, the court scheduled a telephone status conference for December 6, 2018 at 1:00 p.m. Dkt. No. 80.

Because the defendant indicated that he would not be filing a summary judgment motion, the court began to try to recruit a lawyer to represent the plaintiff. The court started that process some weeks ago. So far, it has not been successful in finding an attorney willing to represent the plaintiff. The court suspects that one of the reasons it is having trouble is because the next steps in the case are not clear. The court cannot tell the potential volunteer lawyers whether they are agreeing to represent the plaintiff for a trial or for a mediation. Many busy volunteer lawyers are more willing to represent a plaintiff for mediation only—a mediation does not require the lawyer to subpoena witnesses, prepare motions and trial documents, create jury instructions and jury questions, and so forth. It is much easier to work a mediation around a lawyers' busy schedule, and there is much more flexibility scheduling a mediation than courts (including this one) have in scheduling trials.

Neither the plaintiff nor the defendant has asked the court to refer the case to mediation. The plaintiff, however, has *implied* that he might be interested in mediation. On October 29, 2018, the court received from the plaintiff a "petition to set a trial date." Dkt. No. 82. He discussed how long the case had been pending, and that he wanted to avoid further delay. Id. at 1. He also stated, "In the court's September 27, 2018 orders it suggested the parties seek mediation. The defendant has yet to contact me to do so, and it will further delay the case to continue to wait." Id.

The court cannot be sure, but it is possible that the plaintiff was indicating in the above statement that he is willing to participate in mediation with a magistrate judge. If the defendant also is willing to participate in mediation with a magistrate judge, the court could tell potential volunteer lawyers that it was looking for someone to assist the plaintiff with mediation. This might make it easier for the court to recruit a lawyer for the plaintiff.

The court left the December 6, 2018 status conference on the docket in the hope that it could recruit a lawyer for the plaintiff before that hearing. It appears unlikely that the court will be successful by then. So the court will remove the December 6, 2018 hearing from the hearing calendar, and instead will require the parties to file statements telling the court whether they are willing to participate in mediation. If both parties are willing, the court will continue to try to recruit counsel for the plaintiff to represent him in the mediation, and once it finds a lawyer for him, the court will refer the case to magistrate judge.

If either party indicates that he is not willing to participate in mediation, the court will continue to try to recruit a lawyer to represent the plaintiff at a trial, and once it has found one, will set up a scheduling conference.

The court **ORDERS** that the December 6, 2018 status conference scheduled for 1:00 p.m. by telephone is **REMOVED** from the hearing calendar.

The court **ORDERS** that by the end of the day on **Friday, December 14, 2018**, each party shall file a statement notifying the court whether he is willing to participate in mediation with a magistrate judge. The parties must file

the notice in time for the court to receive it by the end of the day on Friday, December 14, 2018.

Dated in Milwaukee, Wisconsin this 28th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**