UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

          Plaintiff,

v.                                                        Case No. 16-cv-1463-pp

DR. RICKY SEABUL,

          Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 139)**

      The plaintiff, Ennis Lee Brown, is a Wisconsin state prisoner who sued Dr. Ricky Seabul under 42 U.S.C. §1983 alleging that Seabul provided him constitutionally deficient medical care. On January 14, 2020, a jury returned a verdict for the defendant. Dkt. Nos. 113, 114. The court entered judgment on January 29, 2020. Dkt. No. 131. The plaintiff filed a notice of appeal on February 19, 2020. Dkt. No. 132. A couple weeks later, on March 3, 2020, the plaintiff filed a motion to appeal without prepaying the filing fee. Dkt. No. 139.

      Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 appellate filing fee in advance, he may request permission from the court to proceed without prepayment. Ordinarily, if a court allowed a party to proceed without prepaying the filing fee in the district court, that party may proceed without prepaying the filing fee on appeal. Fed. R. App. P. 24(a)(3). There are, however, three grounds for denying

1

a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith or the prisoner has incurred three "strikes." See 28 U.S.C. §§1915(a)(2)–(3), (g).

While the plaintiff has shown that he is indigent and the court does not find that his appeal is taken in bad faith, see Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), he does have three strikes—a court has dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted more than three cases that he has filed. 28 U.S.C. §1915(g). The Seventh Circuit Court of Appeals assessed two strikes against the plaintiff in February 2017 in Appeal No. 16-1622. The court assessed one strike for filing the appeal and another for filing a frivolous complaint in the district court in the underlying case, Case No. 15-cv-509-pp. The court of appeals assessed two more strikes against the plaintiff in April 2017 in Appeal No. 16-3182: one for the appeal and one for filing the underlying lawsuit, Case No. 16-cv-632-pp. In July 2018, this court assessed a strike against the plaintiff for failing to state a claim in Case No. 17-cv-142-pp.

When a plaintiff has three or more strikes, the court will allow him to proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In order to meet the imminent danger requirement of §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the appeal is filed, and the threat or prison condition causing the physical injury must be real and

2

proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002); Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).

The plaintiff filed two declarations in which he alleges he is in imminent danger. In the first, filed on February 19, 2020, the plaintiff states that he is being detained in violation of the Constitution and that he has "been and still is in imminent danger." Dkt. No. 134 at ¶¶1–3. He then states, as he has several times before, that he believes the court is biased against him or preventing him from pursuing his claims. Id. at ¶¶4, 5, 6, 8. The plaintiff reiterates that he fears for his safety and states there is inadequate medical care. Id. at ¶7.

In the plaintiff's second declaration, which he filed on March 12, 2020, he states that the defendant injured him by performing surgery on him because the defendant failed to follow procedures and determine if the plaintiff needed surgery. Dkt. No. 141. This allegation was the basis of his lawsuit.

Neither of the plaintiff's declarations establish that he is in imminent danger of physical harm. His second declaration discusses past harm, and "[a]llegations of past harm do not suffice" to show imminent danger. Ciarpaglini, 352 F.3d at 330 (internal citations omitted). His first declaration makes references to a generalized fear for his safety and an unspecific allegation that there is inadequate medical care. But these allegations do not amount to a "real and proximate" threat to his safety sufficient to meet the imminent danger exception. The court will deny the plaintiff's motion to appeal without prepaying the filing fee.

3

Case 2:16-cv-01463-PP   Filed 04/24/20   Page 3 of 4   Document 144

The plaintiff incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The plaintiff must pay the full filing fee of $505 within fourteen days of this order. Id.; Seventh Circuit Rule 3(b). The Court of Appeals may dismiss the plaintiff's appeal if he fails to pay the filing fee in full within the time limit. Newlin, 123 F.3d at 434.

The court **ORDERS** that the plaintiff's motion for leave to appeal without prepaying the filing fee is **DENIED**. Dkt. No. 139.

The court **ORDERS** that the plaintiff shall forward to the Clerk of Court the sum of $505 as the full filing fee in this appeal in time for the court to receive it by the end of the day on **May 8, 2020**. If the court does not receive the filing fee (or a motion for an extension of time to pay it) by the end of the day on Friday, May 8, 2020, the court of appeals may dismiss his appeal. The plaintiff should clearly identify the payment by the case name and number.

The court is providing an electronic copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 24th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**